**Mohammad Ali KHAN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–5574–ag.**

United States Court of Appeals, Second Circuit.

June 26, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

---

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Ali Khan, a native and citizen of Bangladesh, seeks review of a December 10, 2007 order of the BIA denying his motion to reopen. *In re Mohammad Ali Khan,* No. A073 038 637 (B.I.A. Dec. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517(2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Khan's time and number barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Khan argues that the BIA erred by failing to analyze the numerous news articles he submitted in support of his motion, and relying only on the 2006 State Department report in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time and number limitations for filing his motion to reopen. However, we have previously rejected the notion that the agency "must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotation marks omitted), and find nothing in the BIA's analysis that "compellingly suggests" that it did not take all of Khan's evidence into account in adjudicating his motion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006). Indeed, none of the articles Khan specifically references supports his claim that the situation of Jatiya Party ("JP") members has deteriorated. We conclude that the BIA's determination that Khan failed to demonstrate changed country conditions material to his claim of persecution is supported by substantial evidence. *See Jian Hui Shao,* 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying Khan's fourth motion to reopen as time and number barred. *Ali,* 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

a stay of removal in this petition is DISMISSED as moot.